BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
rpocker@bsfllp.com
300 South 4th Street, Suite 800
Las Vegas, Nevada 89101
Telephone: (702) 382-7300
*Attorney for Defendant*
  DARRELL GLEN HARRIS

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DARRELL GLEN HARRIS, et al.<br><br>           Defendants. | Case No.: 2:23-cr-00113-CDS-NJK<br><br>**JOINT MOTION TO CONTINUE TRIAL**<br>**(Ninth Request)** |

IT IS HEREBY CERTIFIED that this Motion is timely filed.

Defendant DARRELL GLEN HARRIS by and through his attorney, Richard Pocker, Esq., of the law firm Boies Schiller Flexner LLP, Defendant JOEY LAMAR McROYAL by and through his attorney, Christoper Oram, Esq., Defendant LAMAR DESHAWN ROSSER, by and through his attorney, Josh Tomsheck, Esq., and Defendant PAULINA HERNANDEZ, by and through her attorney, Maysoun Fletcher, Esq., pursuant to 18 U.S.C. §3161 (h)(7)(A), hereby respectfully move this Court to continue the trial date in the present case for a period of at least sixty (60) days.

**POINTS AND AUTHORITIES**
**I**
**RELEVANT PROCEDURAL EVENTS**

On July 9, 2024 the Defendants remaining in the present case were named in a Superseding Indictment alleging various federal offenses charging conspiracy to distribute controlled substances, distribution of controlled substances, and possession of controlled substances with the intent to distribute. The Superseding Indictment remains the operative charging document as to

the Defendants. The trial in the present case has been continued eight (8) times since the time of the original Indictment, said continuances premised largely on the necessity of insuring that the Defendants had sufficient time and opportunity to review and analyze the immense amount of discovery provided by the UNITED STATES OF AMERICA (hereinafter "the Government"). In addition to the complexity of the discovery and trial preparation burdens, each of the remaining Defendants experienced a change of counsel in late 2024 or early 2025, further impacting the smooth progress of the present case to trial.

The currently scheduled trial date is February 23, 2026. While the Defendants filed motions as anticipated in July and November of 2025, many of those motions remain unresolved as of the date of this Motion. Most significantly, Defendant McROYAL filed a Motion to Suppress [ECF 277] in July of 2025, (a motion joined by Defendant HERNANDEZ [ECF 280]), Defendants HERNANDEZ and HARRIS each filed motions for severance [ECF 274 and ECF 322], and Defendant HERNANDEZ filed a Motion to Suppress [ECF 311] based upon unlawful electronic surveillance. On January 23, the U.S. Magistrate Judge issued her Report and Recommendation with respect to the Motion to Suppress based upon electronic surveillance. The Court's decisions with respect to all of these motions are critical to both the logistics of how the present case will be tried, and the ability of all counsel to prepare their cases effectively.

On January 12, 2026, the United States Magistrate Judge Nancy J. Koppe conducted an evidentiary hearing with respect to Defendant McROYAL'S Motion to Suppress, as well as Defendant HARRIS' Motion to Suppress [ECF 320]. The hearing lasted for over six (6) hours, involving the testimony and cross-examination of three (3) Government witnesses. Rather than require the Defendants' counsel and the Government to make their respective oral arguments on January 12, the Court allowed the parties to submit written presentations of their arguments on or before February 6, 2026. (A date only 17 days prior to the currently scheduled trial date). The transcript of the January 12, 2026 hearing was not available until January 23, 2026. Were the parties to submit their written argumentative filings on February 6, 2026 as allowed, only 17 days would remain for the U.S. Magistrate Judge to file her Report and Recommendations, for the

parties to subsequently file any objections to the Report and Recommendations, and for the Court to rule upon those objections. This timeline places stress upon the trial preparation process which makes it impossible for the evidentiary landscape to be settled enough by February 23, 2026 for trial to commence. Moreover, the Defendants must also file their anticipated objections to the Report and Recommendations regarding the electronic surveillance motion, and it is unlikely that full briefing as to those objections will be on file by February 23, 2026.

The Defendants' counsel sought to obtain the continuance of the trial through a stipulation with the Government. Although the Government was not opposed to a continuance of trial, it believes a postponement of thirty (30) days would be sufficient to allow time for the Court to resolve all motions. (See Exhibit A, attached hereto). Counsel for the Defendants have collectively determined that a thirty (30) day continuance would be too brief and would only necessitate yet another request for trial continuance. Defendants thus request that trial be continued by at least sixty (60) days.

With respect to the potential scheduling conflicts presented by continuing trial beyond February 23, 2026, undersigned counsel has been advised of the following. Counsel for Defendant McROYAL (Christopher Oram, Esq.) will be outside the District of Nevada between May 21 and June 4, 2026. Counsel for Defendant HERNANDEZ (Maysoun Fletcher, Esq.) will be outside the District of Nevada between May 13 and June 4, 2026 and again between July 2 and July 30, 2026. She is also scheduled to be in a federal trial scheduled to begin June 15, 2026. Counsel for Defendant HARRIS (Richard J. Pocker, Esq.) is presently scheduled to commence trial in United States v. Soloman Tremaine White, Case Number 2:25-cr-00120 on March 23, 2026 and later on June 15, 2026 in United States v. Patrick Fraser, Case Number 2:20-cr-00196.

**II**

**THE REQUESTED CONTINUANCE IS JUSTIFIED**

The Defendants' request to postpone trial for sixty (60) days is reasonable, conducive to judicial economy, and absolutely essential to protecting the rights of each Defendant to effectively prepare for trial with the benefit of decisions as to the crucial motions still under submission with

the Court. Among the factors which the Court must consider in ruling upon a request for continuance include (1) whether the court, the parties, witnesses or the counsel would be inconvenienced by the continuance, (2) whether previous continuances have been granted, (3) whether there are legitimate reasons for delay or continuance, and (4) whether the Defendant would be prejudiced if the continuance were to be denied, United States v. Thompson 587 F.3d. 1165, 1175 (9th Cir. 2009). United States v. Studley 783 F.2d. 1290, 1293 (9th Cir. 1979).

Given the factual background and the procedural posture of the present case, analysis of the aforementioned Thompson factors weighs in favor of granting the continuance requested by the Defendants. While it is true that eight (8) prior continuances were granted, all of them were justified given the evidentiary complexity of the case, the large volume of discovery materials, and the changing array of counsel in need of time to become adequately prepared to proceed. The relatively brief continuance requested will hardly inconvenience witnesses (individually employed by or under the control of the Government), Defendants or the Court. Moreover, the Government has represented that it believes a continuance would be advisable, but not one as long as that sought by the Defendants.

Legitimate reasons exist for the continuance given the pending of serious motions to suppress, the rulings upon which the evidentiary record of the case depends. In addition, the Defendants are entitled to have the Court's adjudication of their efforts to assert their Fourth Amendment rights with respect to both the traffic stop search and seizure and the challenge to the electronic surveillance authorization. The procedural posture of those motions makes a sufficient continuance of the trial indispensable to allow complete briefing, objections and consideration of the merits by the Court.

///

///

///

///

///

As noted earlier, the Government declined to stipulate to a continuance longer than thirty (30) days. A realistic assessment of what remains for the Court and the parties to accomplish before trial can commence reveals that a longer continuance is necessary. The Defendants' Motion must be granted to protect the rights of all Defendants, and to assure the orderly and efficient progress to trial.

Dated this 26th day of January, 2026.

Respectfully submitted:

By: */s/ Maysoun Fletcher*
Maysoun Fletcher, Esq.
*Attorney for Paulina Hernandez*

By: */s/ Christopher Oram*
Christopher Oram, Esq.
*Attorney for Joey Lamar McRoyal*

By: */s/ Josh Tomsheck*
Josh Tomsheck, Esq.
*Attorney for Larma Deshawn Rosser*

By: */s/ Richard J. Pocker*
Richard J. Pocker, Esq.
*Attorney for Darrell Glen Harris*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court of Nevada by using the CM/ECF System on January 26, 2025.

/s/ Amy M. Scott
AMY M. SCOTT
An employee of Boies Schiller Flexner LLP