**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

    Plaintiff,

v.

Darrell Glen Harris,

    Defendant.

Case No. 2:23-cr-00113-CDS-NJK

**Order**

[Docket No. 322]

Pending before the Court is Defendant Darrell Glen Harris' motion for severance. Docket No. 322. The Court has considered Defendant's motion, the United States' response, the United States' exhibits, and Defendant's reply. Docket Nos. 322, 330, 331, 336.

## I.    BACKGROUND

On July 9, 2024, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant and his co-defendants with various crimes. Docket No. 102. Specifically, Defendant is charged in Count One with Conspiracy to Distribute a Controlled Substance (Methamphetamine and Fentanyl), in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(vi); in Count Thirteen with Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2; in Count Fourteen with Possession with Intent to Distribute a Controlled Substance (Fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi) and Title 18, United States Code, Section 2; and in Count Fifteen with Possession with Intent to Distribute a Controlled Substance (Cocaine), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. Docket No. 102. Defendant is charged along with other co-defendants in each of these counts. *Id*.

Defendant asks the Court to sever his trial from the trial of his co-defendants. Docket No. 322. Defendant submits that the conspiracy is alleged to have occurred over a ten-month period,

1

beginning in August 2022 and that he is "a latecomer to the criminal activity." *Id*. at 7. Defendant submits that he is charged in only three of the 21 counts alleged in the superseding indictment and that all of the substantive counts against him arise from the seizure of narcotics from co-defendants McRoyal and Hernandez on April 20-21, 2023. *Id*. Defendant submits that a joint trial with his co-defendants will result in spillover, which will be prejudicial to him, as the co-defendants engaged in several individual transactions over a longer period of time than the United States contends he was involved. *Id*. He also submits that he, McRoyal, and Hernandez have antagonistic defenses in that they will blame each other for the narcotics found in the van in April 2023. *Id*. at 7-8.

In response, the United States submits a long list of facts that it intends to prove to demonstrate the length of time that Defendant was involved in the alleged conspiracy. Docket No. 330 at 1-l2, 14-18. As part of the facts, the United States submits that Defendant's fingerprint was found on the wrapping of some of the narcotics found in the van on April 21, 2023. *Id*. at 12. The United States further submits that toll records from Defendant's phone demonstrate that Defendant "was a frequent phone contact of McRoyal from the conspiracy's inception in August 2022." *Id*. at 14. The United States submits that the evidence demonstrates that "the substantial weight of the evidence in this case pertains to all defendants charged in this case, making any risk of spillover minimal." *Id*. at 18. In any event, the United States, any potential prejudice can be cured with proper jury instructions. *Id*. Finally, the United States submits that Defendant's defense is not antagonistic to, or mutually exclusive from, the defenses of his co-defendants. *Id*. at 19.

In reply, Defendant submits that phone calls and texts coming from Defendant's phone number are not necessarily coming from Defendant. Docket No. 336 at 4. Defendant further submits that most of the facts submitted by the United States in its response pertain to his co-defendants rather than to him. *Id*. at 3-4. Defendant submits that the evidence against him is "speculative and weak," while the evidence against his co-defendants is direct and will prejudice him if his case is not severed. *Id*. at 4.

. . . .

. . . .

## II.    ANALYSIS

Under Federal Rule of Criminal Procedure 8(b), multiple defendants may be joined in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts of transactions, constituting an offense or offenses." It is "well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 538 (1993)). "Defendants jointly indicted ordinarily should be jointly tried. Serious consideration must be given to judicial economy. The burden is on the defendant to show clear, manifest, or undue prejudice from a joint trial." *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018). *See also United States v. Mariscal,* 939 F.2d 884, 885 (9th Cir. 1991) (co-defendants jointly charged are, *prima facie,* to be jointly tried).

Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence. *United States v. Vasquez–Velasco,* 15 F.3d 833, 844 (9th Cir. 1994). There is a strong preference for joint trials because separate trials would "impair both the efficiency and the fairness of the criminal justice system" by requiring the United States to "bring separate proceedings, presenting the same evidence again and again[.]" *Richardson v. Marsh,* 481 U.S. 200, 210 (1987). Joint trials also serve the interests of justice "by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 211. The Ninth Circuit has repeatedly stated that a joint trial is particularly appropriate in a conspiracy case where the evidence of the individual conspirators' conduct and statements in furtherance of the conspiracy are admissible against all of the defendants charged in the conspiracy. *United States v. Freeman,* 6 F.3d 586, 598 (9th Cir. 1993); *United States v. Hernandez,* 952 F.2d 1110, 1114–15 (9th Cir. 1991).

Fed.R.Crim.P. 14(a), however, provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 "sets a high standard for showing prejudice." *Vasquez-Velasco*, 15 F.3d at 845. The Supreme Court has held that a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific

trial right of one of the defendants. *Zafiro*, 506 U.S. at 540. A defendant carries the heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial. *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981). To meet that burden, "the defendant [must] show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial," *United States v. Polizzi*, 801 F.2d 1543, 1553–54 (9th Cir. 1986), and must demonstrate the jury's inability to distinguish the evidence relevant to each defendant; further, even if a defendant is able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials. *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988).

Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro,* 506 U.S. at 538–539. The court's denial of a motion to sever is reviewed for abuse of discretion. *See United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir.2004). "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.1980).

In determining the prejudicial effect of a joint trial, a court must consider: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether defendant can show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Hernandez–Orellana,* 539 F.3d 994, 1001 (9th Cir. 2008), citing *United States v. Sullivan,* 522 F.3d 967, 981–82 (9th Cir. 2008). The most important factors are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury. *Sullivan,* 522 F.3d at 981–82.

. . . .

. . . .

4

A. Spillover Evidence

"A claim of prejudicial spillover cannot succeed unless 'a defendant ... prove[s] prejudice so pervasive that a miscarriage of justice looms.'" *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009) (quoting *United States v. Levy-Cordero*, 67 F.3d 1002, 1008 (1st Cir. 1995)). The prejudice necessary to justify a severance is not demonstrated by a "mere allegation that a defendant would have a better chance of acquittal in a separate trial" or "an argument that evidence against one defendant would have a 'spillover effect' on another defendant." *United States v. Clark,* 717 F.3d 790, 818 (10th Cir. 2013); *see Zafiro*, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials").

In assessing whether joinder is prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized. *Vasquez-Velasco*, 15 F.3d at 846. Further, a "critical factor in this assessment is 'the judge's diligence—or lack thereof—in instructing the jury on the purposes to which various strands of evidence may be put.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (citing *United States v. Douglass,* 780 F.2d 1472, 1479 (9th Cir. 1986). "Where the district court uses great diligence in instructing the jury to separate the evidence, severance is unnecessary because the prejudicial effects of the evidence of codefendants are neutralized." *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011). Well-settled law establishes that "[a] defendant seeking severance based on the spillover effect of evidence admitted against a codefendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991) (citation omitted).

Here, the Court finds that, even if the evidence against the co-defendants is stronger than the evidence against Defendant, the potential for spillover is low, there has been no adequate demonstration of prejudice, and the evidence that relates to the individual defendants is easily compartmentalized. Further, the United States submits that the Court can easily neutralize any potential prejudice with proper jury instructions and Defendant fails to address this issue, much less demonstrate that jury instructions would be insufficient. Therefore, the Court finds that the

potential of spillover evidence does not justify severance of Defendant's trial from that of his co-defendants. *See United States v. Decoud*, 456 F.3d 996, 1008-09 (9th Cir. 2006) (court's repeated instructions to the jury to consider each defendant's guilt or innocence separately and not consider co-defendant's statements against defendant were sufficient to prevent any potential prejudice to defendant from joint trial); *United States v. Rasheed,* 663 F.2d 843, 854–55 (9th Cir. 1981) (refusal to sever upheld even though evidence against codefendant was much stronger because judge gave proper cautionary instructions to jury and appellants failed to indicate how jury would be unable to compartmentalize the evidence).

B. Antagonistic Defenses

"Antagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant ... is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (internal citations omitted); *see also United States v. Arias–Villanueva*, 998 F.2d 1491, 1502 (9th Cir. 1993) (overruled on other grounds by *United States v. Jimenez–Ortega*, 472 F.3d 1102, 1103-04 (9th Cir. 2007) (defendant not entitled to severance simply because codefendant presented defense based on coercion by defendant)). "Mere inconsistency in defense positions is insufficient" to warrant severance. *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) (internal citation omitted). While mutually antagonistic defenses may prevent a jury from reliably determining guilt or innocence thereby warranting severance, this occurs only when "the core of the codefendant's defense is so irreconcilable with the core of the [moving defendant's] own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *Throckmorton*, 87 F.3d at 1072.

In *Zafiro*, the Supreme Court recognized that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some circumstances as to mandate severance. 506 U.S. at 538. However, the Court declined to adopt a bright-line rule mandating severance when co-defendants have conflicting defenses. *Zafiro,* 506 U.S. at 538. The Court concluded that "mutually antagonistic defenses are not prejudicial *per se.*" *Id.* The Court held that a district court should grant a severance of properly joined defendants "only if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

The Court further noted that, although a district court is more likely to determine that separate trials are necessary when there is a high risk of prejudice, less drastic measures such as limiting instructions often will suffice to cure any risk of prejudice. *Id.* at 539–540. Thus, severance is not necessarily required "even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539.

Simply stated, "[i]t is difficult to obtain severance on the basis of a mutually antagonistic defense claim." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002). In fact, the Supreme Court has noted that appellate "courts have reversed relatively few convictions for failure to grant a severance on grounds of mutually antagonistic or irreconcilable defenses. The low rate of reversal may reflect the inability of defendants to prove a risk of prejudice in most cases involving conflicting defenses." *Zafiro*, 506 U.S. at 538.

Nonetheless, "[w]hen defendants present mutually exclusive defenses, the jury often cannot 'assess the guilt or innocence of the defendants on an individual and independent basis.'" *United States v. Mayfield*, 189 F.3d 895, 899, 900 (9th Cir. 1999) (internal citation omitted). When a trial involves two or more codefendants, "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. In order for Defendant to be entitled to severance in this case, she must show that the core of the defense presented by her co-defendants is so irreconcilable with the core of her own defense that the acceptance of one of the co-defendants' theories will preclude her acquittal. *Throckmorton*, 87 F.3d at 1072.

Defendant submits that he, McRoyal, and Hernandez will blame each other for the narcotics found in the van on April 21, 2023. Docket No. 322 at 7-8. The anticipated defense presented by McRoyal and Hernandez, however, is not so irreconcilable with Defendant's theory that the acceptance of either or both of the co-defendants' theories would preclude his acquittal. *Throckmorton*, 87 F.3d at 1072.

### III.    CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Defendant's motion for severance.  Docket No. 322.

IT IS SO ORDERED.

Dated: March 27, 2026.

                                                  _____
Nancy J. Koppe
United States Magistrate Judge