UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00113-CDS-NJK-1 |
| Plaintiff | **Order Granting Harris's Motions Pursuant to Rule 403 and Denying His Motion in Limine** |
| v. | |
| Darrell Glen Harris, et al., | [ECF Nos. 410, 411, 413, 415] |
| Defendants | |

Defendant Darrell Glen Harris is set for jury trial on June 22, 2026, on federal drug-related offenses, including conspiracy to distribute a controlled substances and possession with intent to distribute a controlled substance. *See* Harris Indict., ECF No. 3; Order, ECF No. 409. In anticipation of trial, Harris has filed several motions seeking to exclude evidence that the government intends to offer at trial. Mots., ECF Nos. 410, 411, 415.[1] For the reasons set forth below, I grant the motions to exclude evidence of the alleged Florida and California conspiracies and deny the motion to exclude evidence of the ongoing Department of Motor Vehicles (DMV) investigation.

I.      Legal standard

Federal Rule of Evidence (FRE) 403 allows courts to exclude relevant evidence when its probative value is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. That rule generally "favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Id.*

---

[1] The motion in limine was originally filed at ECF No. 413. But because the full motion was not filed therein, Harris filed the complete motion (ECF No. 415) and a notice of errata (ECF No. 414).

(quotation omitted). "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quotation omitted).

II.    **Discussion**

    **A. The motions to exclude evidence of separate conspiracies that allegedly occurred in Florida (ECF No. 410) and California (ECF No. 411) are granted.**

In anticipation of trial, the government indicated its intent to offer evidence at trial that Harris "(1) conspired to distribute methamphetamine to an undercover detective in Sacramento, California in February 2023; and (2) conspired to distribute methamphetamine, cocaine, and fentanyl to individuals in Pensacola, Florida in March 2023." Government's Notice to Admit Evidence Under Fed. R. Evid. 404(b), Def.'s Ex. A, ECF No. 410-1. The government contends that evidence of Harris's alleged criminal behavior in Florida and California is admissible under FRE 404(b) as "other act evidence." *Id.* To exclude this evidence, Harris filed two motions under Federal Rule of Evidence 403. *See* ECF No. 410 (California conspiracy); ECF No. 411 (Florida conspiracy). In response to the motions, the government advised it would not introduce evidence of either conspiracy, *see* ECF No. 424, so I grant both motions.

Here, the government failed to meet its burden of proving that the evidence of the Florida and California conspiracies meet all five *Hardrick* elements. First, they fail to show how the evidence proves a material element of the offense for which Harris is now charged. Next, they connect Harris to a drug seizure in Florida, which—like the Sacramento drug trafficking conspiracy—is similar to the offense charged here. The Florida and California events occurred in 2023, while the Nevada events for which Harris is charged occurred between August 2022 and June 2023. Thus, the other acts evidence is not too remote in time. But their proximity in time feeds into their prejudicial effects more than their probative value. As such, the evidence is inadmissible.

**B.    The motion in limine to exclude evidence of the DMV investigation of defendant Harris (ECF No. 413) is denied.**

The government has indicated its intent to offer evidence of tape-recorded statements that Harris made to an investigator for the California DMV during an investigation, which Harris argues is unrelated to the issues at trial, under FRE 404(b). *See* ECF No. 415-1. Specifically, the government intends to use this evidence to prove identity—that is, "that Harris was the person using telephone numbers 310-XXX-6802 and 760-XXX-2154, and that he is the person who owns Just Go Auto." *Id.* The government expressly says that it does not intend to introduce details of the underlying investigation. *Id.* In response, Harris filed a motion in limine to exclude the evidence under FRE 403.

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Stated otherwise, motions in limine allow parties to resolve evidentiary disputes before evidence is presented before the jury. *See id.*

Under FRE 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But other act evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To introduce other act evidence, the government must show that the evidence "(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014) (quotation omitted).

3

Here, I find that the recorded statements that the government seeks to admit are admissible under FRE 404(b) and *Hardrick*. First, the proffered evidence proves a material element of the office for which Harris now charged—that is, identity—by showing that Harris was the person using telephone numbers 310-XXX-6802 and 760-XXX-2154, and that he is the person who owns Just Go Auto. Second, the evidence is from 2026 and thus not too remote to the crimes charged. Thus, the recorded statement's probative value of Harris's identity is not substantially outweighed by any prejudicial effect they may have on Harris. So Harris's motion in limine to exclude this evidence is denied. Even so, the government must sanitize how the investigation is referenced—such as by referring to it as an "unrelated investigation." Further, if the defense seeks a limiting instruction to be read to the jury before the evidence comes in, then they must propose one to the court by Monday, June 22, 2026.[2]

### III.    Conclusion

IT IS HEREBY ORDERED that Harris's motion to exclude evidence of the Florida conspiracy **[ECF No. 410] is GRANTED.**

IT IS FURTHER ORDERED that Harris's motion to exclude evidence of the California conspiracy **[ECF No. 411] is GRANTED.**

IT IS FURTHER ORDERED that Harris's motion in limine to exclude evidence of the ongoing DMV investigation **[ECF Nos. 413, 415] is DENIED.**

Dated: June 18, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] The defense may also request a limiting instruction be included in the final jury instructions.